[Cite as *State v. Robison*, 2014-Ohio-321.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| THOMAS ROBISON | : | Case No. 13-CA-65 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                                          Case No. 13CRB01082


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT:                       January 29, 2014


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

CAROLINE J. CLIPPINGER          WILLIAM T. CRAMER
40 West Main Street                        470 Olde Worthington Road
Newark, OH  43055                          Suite 200
                                                          Westerville, OH  43082

*Farmer, J.*

{¶1}   On May 31, 2013, appellant, Thomas Robison, was charged with one count of resisting arrest in violation of R.C. 2921.33, one count of disorderly conduct in violation of R.C. 2917.11, and one count of criminal trespass in violation of R.C. 2911.21.  Said charges arose from an incident between appellant and his neighbor.

{¶2}   On June 26, 2013, appellant pled guilty to the resisting and disorderly counts and the trespass count was dismissed.  By journal entries filed same date, the trial court sentenced appellant to an aggregate term of ninety days in jail.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTION BECAUSE DEFENSE COUNSEL FAILED TO REQUEST DISCOVERY REGARDING APPELLANT'S CRIMINAL RECORD."

I

{¶5}   Appellant claims he was denied the effective assistance of trial counsel because his counsel failed to request discovery regarding his criminal record.  We disagree.

{¶6}   The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶7} Appellant argues he was prejudiced by his trial counsel's failure to request discovery of his prior criminal record because it significantly impacted his sentence (T. at 5-6):

THE COURT: Mr. Boeckman you indicate to the Court that your client has no criminally history.

MR. BOECKMAN: I am repeating what he told me.

THE COURT: Oh.

MR. ROBISON: It is traffic stuff.

THE COURT: Well I have ten pages here.

MR. BOEKMAN: Traffic related matters?

THE COURT: Well most of them are well he has got a lot of traffic but he has got a lot of criminal history as well.

MR. BOECKMAN: Your Honor as you know the clerk's office doesn't give us that information any longer and I on most occasions rather than filing for discovery rely on the information provided me by my individual client but...

THE COURT: Well I see a 1979 conviction for drunk driving, a 1985 for drunk driving, a 1988 conviction for drunk driving...

MR. BOECKMAN: I think that is accurate.  He told me he had three OVI's Your Honor.

THE COURT: 1991 conviction for drunk driving, a 1992 conviction for drunk driving, a 1993 conviction for drunk driving, a 1995 conviction for drunk driving, a 2001 conviction for drunk driving, 2002 felony conviction for drunk driving in our court across the hall or across the street.  Another conviction felony conviction for drunk driving in Franklin County.  I have no doubt that alcohol was the causing factor in this either.

MR. BOECKMAN: And by way of I guess most individuals um...conclude that OVI's are traffic related matters maybe don't view them as criminal related matters.

{¶8}    Crim.R 16(H) requires the defense to provide reciprocal discovery once the defense has requested discovery from the state:

**(H) Discovery: Right to Copy or Photograph.** If the defendant serves a written demand for discovery or any other pleading seeking disclosure of evidence on the prosecuting attorney, a reciprocal duty of disclosure by the defendant arises without further demand by the state. The defendant shall provide copies or photographs, or permit the prosecuting attorney to copy or photograph, the following items related to the particular case indictment, information or complaint, and which are material to the innocence or alibi of the defendant, or are intended for use by the defense as evidence at the trial, or were obtained from or belong to the victim, within the possession of, or reasonably available to the defendant, except as provided in division (J) of this rule:

(1) All laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings or places;

(2) Results of physical or mental examinations, experiments or scientific tests;

(3) Any evidence that tends to negate the guilt of the defendant, or is material to punishment, or tends to support an alibi.  However, nothing in this rule shall be construed to require the defendant to disclose information that would tend to incriminate that defendant;

(4) All investigative reports, except as provided in division (J) of this rule;

(5) Any written or recorded statement by a witness in the defendant's case-in-chief, or any witness that it reasonably anticipates calling as a witness in surrebuttal.

{¶9} The failure or the purposeful decision not to request discovery can be a legitimate trial strategy to cut short giving the state discovery. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388 (1987).

{¶10} Included in the trial court record is a ten page print-out of appellant's criminal traffic record which was available for view "prior to the discovery process" per the Clerk of Courts, Docket Entry No. 4. Appellant was well aware of his criminal record as evidenced by the mitigation letters filed with the trial court.

{¶11} In addition, appellant entered a "guilty" plea therefore, the argument of ineffective assistance of counsel is waived unless the ineffective assistance caused the plea to be involuntary. *State v. Bennett,* 6th Dist. Wood No. WD-08-005, 2008-Ohio-5812. There is no indication in this case that appellant would have insisted on a trial had defense counsel requested discovery on his criminal record.

{¶12} Upon review, we find no evidence of prejudice or that the result of the case would have been different.

{¶13} The sole assignment of error is denied.

{¶14} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 121